UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA JEANNETTE DIAZ,

      Plaintiff,

v.                                         Case No: 6:21-cv-1580-DAB

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Maria Diaz ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability and disability insurance benefits protectively filed on January 23, 2015, and alleging a disability onset date of September 28, 2013. Doc. Nos. 1, 22; R. 311-12. Claimant argues that the decision should be reversed and remanded for further proceedings because the Administrative Law Judge ("ALJ") erred by not explaining why she did not include in the residual functional capacity ("RFC") assessment Claimant's need to alternate periodically between sitting and standing as opined by a state agency medical consultant. Doc. No. 22 at 9-12; R. 100-01. Because the ALJ so erred, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.

I. **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983).

## II.    ANALYSIS.

Following remand by the Appeals Council, an ALJ held a telephonic hearing on January 19, 2021. R. 38-55. At the hearing Claimant requested a closed period of disability from September 28, 2013, through March 1, 2018. R. 41. On March 2, 2021, the ALJ found that, through March 1, 2018, Claimant had the following severe impairments: lumbar radiculopathy; degenerative disc disease of the cervical, thoracic, and lumbar spine regions; posttraumatic stress disorder; and anxiety. R. 14. Despite these impairments, the ALJ found that, through March 1, 2018, Claimant had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except but [sic] sitting a total of 4 hours in an 8 hour workday, standing and or walking about 6 hours in an 8 hour workday, occasional climbing of ramps or stairs, no climbing of ladders, ropes or scaffolds, occasional balancing, kneeling, crouching, crawling or stooping, performing simple routine repetitive tasks during an 8 hour workday and with occasional contact with coworkers and the general public, and no exposure to hazards such as machinery or heights.

R. 18.[1] On the basis of testimony from a vocational expert ("VE"), the ALJ found that, through March 1, 2018, Claimant could not perform her past relevant work but that she could perform other work in the national economy, such as a

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

mailroom clerk, survey worker, or merchandise marker. R. 27-29. The ALJ thus found that Claimant was not disabled from September 28, 2013, through March 1, 2018. R. 29.

In so finding, the ALJ noted that

> [s]tate agency medical consultant, John Bell, M.D., opined that the claimant has an ability for light work but with sitting a total of four hours and standing and/or walking for six hours in an eight-hour workday and frequently balancing, kneeling, crouching, and crawling with occasional [stooping] and climbing. The undersigned affords this opinion partial weight, as the evidence as a whole is more consistent with no climbing ladders and the remaining postural activities at occasional with no exposure to hazards such as machinery or heights considering the complaints of headaches and claimant's symptoms, but also considering the unremarkable clinical signs on examinations and that the claimant received conservative treatment with some medication and chiropractic treatment. The claimant did not engage in physical therapy, or had injections and there are no surgical recommendations. She engaged in work activity, and has not presented with intractable pain, all previously discussed herein.

R. 26 (citation omitted); *see* R. 100-01.

Claimant argues that the ALJ erred by failing to account for Dr. Bell's opinion that she "[m]ust periodically alternate between sitting and standing to relieve pain and discomfort" (R. 100). Doc. No. 22 at 9-12. According to Claimant, "[t]he ALJ's failure to account for Dr. Bell's opinion was prejudicial to [her] claim" because the VE testified that a person could not perform any work "[i]f the person needed a sit-stand opinion during the day at will, let's say, every five minutes" (R.

54). *Id.* at 11. According to the VE, "if you're sitting and standing every other five minutes or so, you're not going to be able to maintain whatever level of production your job requires." R. 54. Claimant contends that the VE's testimony supported a finding of disability in her case. Doc. No. 22 at 11.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012) (per curiam).

For claims filed before March 27, 2017 (such as Claimant's), the ALJ must consider a number of factors in determining how much weight to give each medical opinion, including 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c); *cf. Harner v. Soc. Sec. Admin., Comm'r*, __ F.4th __, No. 21-12148, 2022 WL 2298528, at *3 (11th Cir. June 27, 2022)

(noting that factors under 20 C.F.R. § 404.1520c(c)(1)-(5) apply for claims filed on or after March 27, 2017).

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam). Regardless of the medical opinion's source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The failure to state the weight with particularity or to articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

The Commissioner argues that the ALJ's "evaluation of Dr. Bell's opinion about alternating positions is at most a harmless error" because the ALJ found that Claimant "could sit a total of 4 hours in an 8-hour workday and stand and/or walk about 6 hours in an 8-hour workday." Doc No. 22 at 14 (citing R. 18). The Commissioner thus contends that "the RFC reasonably accounts for any need to 'periodically' alternate positions," as Dr. Bell "did not mention any type of 'at will' sit/stand opinion, particularly not changing positions every five minutes." *Id.* at 16. Sit-stand options generally permit a claimant to sit or stand at will, however. *See, e.g., Buckner-Larkin v. Astrue*, 450 F. App'x 626, 627 (9th Cir. 2011). In turn,

"[t]he need to sit and stand at will is incompatible with the ability to either sit or stand for six hours in an eight-hour workday." *Perez v. Astrue*, 250 F. App'x 774, 776 (9th Cir. 2007); *see* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (noting that the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday). Further, "the fact that Dr. [Bell] did not articulate a definite frequency with which the Claimant would need to alternate between sitting and standing does not render the ALJ's error harmless." *Rosario Pineiro v. Comm'r of Soc. Sec.*, No. 6:20-cv-238-Orl-LRH, 2021 WL 857124, at *6 n.6 (M.D. Fla. Mar. 8, 2021). Thus, contrary to the Commissioner's argument (Doc. No. 22 at 14, 16-17), the ALJ's failure to explain why she rejected Dr. Bell's opinion that Claimant needed to alternate periodically between sitting and standing is not harmless.

The Commissioner nonetheless argues that substantial evidence in the record supports the decision of the ALJ, who had the task of determining Claimant's RFC. Doc. No. 22 at 14-16. "None of the discussion highlighted by the Commissioner directly relates to the need for a sit-stand option, nor was it given as a reason in support of the ALJ's implicit rejection of that limitation," however. *Rosario Pineiro*, 2021 WL 857124, at *5. Rather, "the ALJ did not provide any reasoning in support of [her] implicit rejection of Dr. [Bell's] opinion that the Claimant must periodically alternate between sitting and standing." *Id.* at *4. Thus,

"in the absence of any explanation, the Court is . . . frustrated in its ability to meaningfully determine whether the ALJ's decision is supported by substantial evidence." *Id.* The Court thus remands this case for further proceedings.

### III.   CONCLUSION.

The ALJ erred by not explaining why she rejected state agency medical consultant Dr. Bell's opinion that Claimant needed to alternate periodically between sitting and standing. Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

It is so **ORDERED** on July 1, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Richard A. Culbertson, Esq.
Suite E
3200 Corrine Drive
Orlando, FL 32803

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Nadine Elder, Branch Chief
Dalton Windham, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Emily Ruth Statum
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Drive
Suite 300
Orlando, FL 32817-8338